STATE OF MAINE
PENOBSCOT, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-~~10~~ 09-123

AM# PEN - 9/21/2011

J.F. Singleton Company, a Maine corporation,    )
Melissa A. Norris, Malcolm M. Murray, Jr.,      )
Beverly E. Murray, Carroll I. Buck and Cathy L. )
Buck; George Delle Chiaie, Jane Ann Hughes,     )
Douglas F. Rice, Gail N. Rice, Raymond M.       )
Little and Lillian M. Little, as Co-Trustees of the )
Raymond Little and Lillian M. Little Living     )
Trust, Franklin A. Trafton, Don C. Carpenter,   )
John Burgess and Susan Burgess                  )
                                                )
            Plaintiffs,                         )
                                                )
        v.                                      )
                                                )
Town of Newport, Maine, Carl M. Norris, Sara    )
J. Norris, Lauris F. Boylan, Patsy L. Boylan,   )
Sally A. Cook, and Lori H. Weaver.              )
                                                )
            Defendants.                         )

CONSENT FINAL JUDGMENT

Upon consideration of the Joint Consent Motion for a Consent Final Judgment,

the consent of all counsel thereto, and the entire record herein, it is this 19th day of

September, 2011 hereby

ORDERED that the Joint Motion for a Consent Final Judgment is HEREBY

GRANTED; and it is further

ORDERED, ADJUDGED, and DECREED as follows:

1.      The Benefited Parties, defined below, have a perpetual Easement,

defined below, over the defined property of the Defendants, which benefit the

defined Benefited Parties.

<u>Descriptions</u>

2. The following Defendants, collectively, are the owners of the burdened Norris Lot and Boylan Lot:

a. **Carl M. Norris**, whose mailing address is 272 Stetson Road, Newport, Maine 04953;

b. **Sara J. Norris**, whose mailing address is 272 Stetson Road, Newport, Maine 04953;

c. **Lauris F. Boylan**, whose mailing address is 260 Stetson Road, Newport, Maine 04953;

d. **Patsy L. Boylan**, whose mailing address is 260 Stetson Road, Newport, Maine 04953;

e. **Sally A. Cook**, whose mailing address is 214 Stetson Road, Newport, Maine 04953; and

f. **Lori H. Weaver**, whose mailing address is 14 Dam Road, Errol, New Hampshire 03579.

These Defendants are referred to collectively as the "Norris and Boylan Lot Owners."

3. The Plaintiffs in this action are the following:

a. **J. F. Singleton Company**, a Maine corporation with a business address of 160 Broadway, Bangor, Penobscot County, Maine 04401;

b. **Melissa A. Norris**, whose mailing address is P.O. Box 86, East Newport, Penobscot County, Maine 04933;

2

c.      **Malcolm M. Murray, Jr.**, whose mailing address is P.O. Box 88, East Newport, Penobscot County, Maine 04933;

d.      **Beverley E. Murray**, whose mailing address is P.O. Box 88, East Newport, Penobscot County, Maine 04933;

e.      **Carroll I. Buck**, whose mailing address is 1191 Mulberry Court, Hollister, San Benito County, California 95023;

f.      **Cathy F. Buck**, whose mailing address is 1191 Mulberry Court, Hollister, San Benito County, California 95023;

g.      **George Delle Chiaie**, whose mailing address is P.O. Box 1, East Newport, Penobscot County, Maine 04933;

h.      **Jane Ann Hughes**, whose mailing address is 29 North Main Street, Westford, Middlesex County, Massachusetts 01886;

i.      **Douglas F. Rice**, whose mailing address is P.O. Box 333, Newport, Penobscot County, Maine 04953;

j.      **Gail N. Rice**, whose mailing address is P.O. Box 333, Newport, Penobscot County, Maine 04953;

k.      **Raymond M. Little**, Co-Trustee of the **Raymond M. Little and Lillian M. Little Living Trust**, whose mailing address is 86 Hamstead Drive, Newport, Penobscot County, Maine 04953;

l.      **Lillian M. Little**, Co-Trustee of the **Raymond M. Little and Lillian M. Little Living Trust**, whose mailing address is 86 Hamstead Drive, Newport, Penobscot County, Maine 04953;

3

m. **Franklin A. Trafton**, whose mailing address is 14 Hamstead Drive, Newport, Penobscot County, Maine 04953;

n. **Don C. Carpenter**, whose mailing address is 14 Hamstead Drive, Newport, Penobscot County, Maine 04953;

o. **John Burgess**, whose mailing address is 17 Burgess Road, Newport, Penobscot County, Maine 04953; and

p. **Susan Burgess**, whose mailing address is 17 Burgess Road, Newport, Penobscot County, Maine 04953.

4. By consent of all of the parties, additional Benefited Parties are the following:

a. **John Hagelin**, whose mailing address is 214 Desert Pond Road, Mt. Vernon, Kennebec County, Maine 04352;

b. **Laura Lovell**, whose mailing address is P.O. Box 5, East Newport, Penobscot County, Maine 04933;

c. **Mark R. Carney**, whose mailing address is P.O. Box 77, East Newport, Penobscot County, Maine 04933;

d. **Anne E. Carney**, whose mailing address is P.O. Box 77, East Newport, Penobscot County, Maine 04933;

e. **Lawrence J. Dellamattera**, whose mailing address is 783 River Road, Orrington, Penobscot County, Maine 04474;

f. **Joanne B. Dellamattera**, whose mailing address is 783 River Road, Orrington, Penobscot County, Maine 04474;

4

g.    **Kathleen M. Lochiatto**, whose mailing address is 203 Lafayette Road, Unit 107, North Hampton, New Hampshire 03862;

h.    **Michael A. Millett**, whose mailing address is 302 Augusta Road, Topsham, Sagadahoc County, Maine 04086;

i.    **Juli M. Millett**, whose mailing address is 302 Augusta Road, Topsham, Sagadahoc County, Maine 04086;

j.    **Samuel Rosenfeld**, whose mailing address is 110 Corsons Tavern Road, Seaville, New Jersey 08230;

k.    **Dianne Rosenfeld**, whose mailing address is 110 Corsons Tavern Road, Seaville, New Jersey 08230;

l.    **Peter Knight**, whose mailing address is PSC 45, Box 1565, APO AE 09468; and

m.    **Christine M. Knight**, whose mailing address is PSC 45, Box 1565, APO AE 09468.

5.    The Plaintiffs and the Additional Benefitted Parties are collectively referred to herein as the "Benefited Parties." All of the Benefited Parties own real property that is accessed over the way commonly known as the Murray Road, the relevant portion of which is shown on the Plan attached hereto as Exhibit A.

6.    **The Norris Lot**. The Norris Lot, as used herein, means the land located in Newport, Penobscot County, Maine, described in a deed from Lila C. Argent, et al., to Defendants Carl M. Norris and Sara J. Norris, dated September 20, 1971 and recorded in the Penobscot County Registry of Deeds in Book 2227, Page 113, excepting the property conveyed by Carl M. Norris and Sara J. Norris

5

to Elisabeth C. Davis and James M. Davis by deed dated May 3, 1974 and recorded in said Registry in Book 2453, Page 24.

7.    **The Boylan Lot.**  The Boylan Lot, as used herein, means the land located in Newport, Penobscot County, Maine, described in a deed from Lauris F. Boylan to Defendants Lauris F. Boylan, Patsy L. Boylan, Sally A. Cook and Lori H. Weaver, dated March 31, 2005 and recorded in the Penobscot County Registry of Deeds in Book 9958, Page 135.

8.    **The Burdened Properties.**  The properties burdened by the Easement herein granted are the Norris Lot and the Boylan Lot.

9.    **The Benefited Properties.**  The properties benefited by the Easement herein granted are the properties owned by the Benefited Parties as described in Exhibit B.

10.    **The Murray Road.**  The term "the Murray Road" means the portion of the Murray Road subject to this Agreement.  The portion of the Murray Road subject to this Agreement is the land located in Newport, Penobscot County, Maine, described as a travelled way generally running over and/or along the easterly side of the Boylan Lot and generally running along and/or over the westerly side of the Norris Lot.  The fee to the land under the travelled way is owned by the Norris and Boylan Lot Owners.  The said portion of the Murray Road is shown on the Plan, attached hereto as Exhibit A, and is more particularly described as follows:

A certain strip of land thereon situate in the Town of Newport, County of Penobscot, State of Maine, more particularly described as follows:

6

beginning at the intersection of the northerly sideline of the Stetson Road and the westerly edge of gravel of Murray Road (so-called), said intersection marked by a an iron rod set flush in 2011 and labeled as A on a plan titled "Survey Plan of a Portion of the Murray Road, Newport, Maine" dated July 12, 2011 by Plisga & Day Land Surveyors (to be recorded in the Penobscot County Registry of Deeds Plan File), which iron rod is located with reference to the Maine Coordinate System of 1983, East Zone, with a Northing of 425,866.44 U.S. Survey Feet and an Easting of 801,488.84 U.S. Survey Feet;

thence North 12 degrees, 09 minutes, 50 seconds West a distance of 66.36 feet to an iron rod set flush, labeled as B on said plan;

thence North 09 degrees, 21 minutes, 20 seconds West a distance of 76.78 feet to an iron rod set flush, labeled as C on said plan;

thence North 09 degrees, 23 minutes, 50 seconds West a distance of 106.07 feet to an iron rod set flush, labeled as D on said plan;

thence North 06 degrees, 28 minutes, 30 seconds West a distance of 72.08 feet to an iron rod set flush, labeled as E on said plan;

thence North 08 degrees, 02 minutes, 40 seconds West a distance of 102.30 feet to an iron rod set flush, labeled as F on said plan;

thence North 08 degrees, 30 minutes, 30 seconds West a distance of 285.59 feet to an iron rod set flush, labeled as G on said plan;

thence North 07 degrees, 55 minutes, 20 seconds West a distance of 256.08 feet to an iron rod set flush, labeled as H on said plan;

thence North 13 degrees, 57 minutes, 40 seconds West a distance of 59.00 feet to an iron rod set flush, labeled as I on said plan;

thence North 21 degrees, 22 minutes, 20 seconds West a distance of 19.26 feet to an intersection of the westerly extension of stonewall marking the northerly line of land of Carl M. Norris and the westerly edge of gravel of Murray Road (so-called), labeled as J on said plan;

thence along the westerly extension of said stonewall North 70 degrees, 24 minutes, 40 seconds East a distance of 15.88 feet to a point in the easterly edge of gravel of Murray Road (so-called);

thence continuing along the westerly extension of said stonewall North 70 degrees, 24 minutes, 40 seconds East a distance of 7.45 feet to

7

point, labeled as U on said plan near the westerly end of the said stonewall;

thence South 21 degrees, 14 minutes, 00 seconds East a distance of 3.35 feet to an iron rod set, labeled as V on said plan;

thence South 56 degrees, 40 minutes, 00 seconds East a distance of 10.26 feet to an iron rod set, labeled as W on said plan;

thence South 07 degrees, 52 minutes, 00 seconds West a distance of 12.93 feet to an iron rod set, labeled as X on said plan;

thence South 08 degrees, 24 minutes, 30 seconds East a distance of 57.77 feet to an iron rod set, labeled as Y on said plan;

thence South 09 degrees, 47 minutes, 40 seconds East a distance of 82.45 feet to an iron rod set, labeled as Z on said plan;

thence South 06 degrees, 15 minutes, 50 seconds East a distance of 85.24 feet to an iron rod set, labeled as AA on said plan;

thence South 08 degrees, 09 minutes, 20 seconds East a distance of 89.19 feet to an iron rod set, labeled as BB on said plan;

thence South 08 degrees, 26 minutes, 10 seconds East a distance of 95.62 feet to an iron rod set, labeled as CC on said plan;

thence South 06 degrees, 39 minutes, 40 seconds East a distance of 119.49 feet to an iron rod set flush, labeled as O on said plan;

thence South 07 degrees, 45 minutes, 40 seconds East a distance of 51.36 feet to an iron rod set flush, labeled as P on said plan;

thence South 07 degrees, 42 minutes, 40 seconds East a distance of 122.54 feet to an iron rod set flush, labeled as Q on said plan;

thence South 07 degrees, 57 minutes, 30 seconds East a distance of 152.42 feet to an iron rod set flush, labeled as R on said plan;

thence South 09 degrees, 18 minutes, 10 seconds East a distance of 115.70 feet to an iron rod set flush, labeled as S on said plan;

thence South 20 degrees, 33 minutes, 50 seconds East a distance of 45.23 feet to a point in the northerly sideline of Stetson Road, marked by an iron rod set flush, labeled as T on said plan;

8

thence South 29 degrees, 29 minutes, 20 seconds East a distance of 14.94 feet to a pavement nail set flush, labeled as EE on said plan;

thence South 56 degrees, 14 minutes, 20 seconds West a distance of 30.00 feet to a pavement nail set flush, labeled as DD on said plan;

thence North 03 degrees, 54 minutes, 10 seconds East a distance of 18.48 feet to the point of beginning, enclosing 17,135 square feet (0.393 acres).

This conveyance is SUBJECT to rights of others that exist over the above described strip.

Iron rods set are three-quarter inch reinforcing rods with a plastic cap marked, in part "Plisga & Day PLS 2327" driven in 2011.

Bearings referenced herein are oriented to Grid North referencing the Maine Coordinate System of 1983, East Zone, as determined by a survey conducted by Plisga & Day, Land Surveyors (reference project number: 08233). Coordinate values identifying points hereinabove described are provided as an aid in location of the property and are not intended to control bearings, distances or the positions marked by monuments defining the property boundaries.

11. **Grant of Easement.**

A. The Benefited Parties, their heirs, successors and assigns shall hereby have a nonexclusive, permanent and perpetual Easement in and over the Murray Road, for all purposes of ingress and egress, whether by motor vehicle, by foot, by horse, or by other means, over the properties of the Norris and Boylan Lot Owners, their heirs, successors, assigns, invitees and workmen, to each separate property described in Exhibit B.

B. The area of the Easement herein granted is for the travelled way of the Murray Road, together with existing drainage structures as described in the description set forth in Paragraph 10 above and as shown on the attached Exhibit A.

9

C.     The Easement herein granted runs with each separate property owned by the Benefited Parties as described in Exhibit B and may be assigned by each respective Benefited Party to its successor in title upon the transfer by such Benefited Party of its Benefited Property.

D.     The easement herein granted includes, without limitation:

i.     The right to maintain and repair the travelled way and existing drainage structures, including, without limitation and upon prior reasonable notice by the Benefited Parties to the Norris and Boylan Lot Owners, the grading of the travelled way, gravelling of the travelled way, and trimming of vegetation;

ii.     The term "trimming of vegetation" shall mean the right to trim trees and other vegetation that overhang or intrude into the travelled way or drainage structures provided that the parts of such trees and other vegetation which are trimmed are fourteen feet (14.0') or less above the surface of the travelled way or drainage structures;

iii.     The Benefited Parties do not have the right to trim the parts of trees that overhang the travelled way more than fourteen feet (14.0') above the surface of the travelled way unless they obtain prior consent from the Norris and Boylan Lot Owners, their heirs, successors and assigns;

iv.     Maintenance of drainage structures shall include, without limitation, restoration of existing drainage structures and installation of culverts. Installation of new culverts shall not be done without the prior consent of the Norris or Boylan Lot Owners, whichever specific owner is burdened by the new culvert and which consent shall not be unreasonably withheld;

10

v. Snow may be plowed off the travelled way on to adjacent properties, provided such snow removal does not increase the width of the travelled way, and further provided that the burdened properties shall not be used for snow storage to exceed that which is to be dispersed as part of normal plowing of the road;

vi. For purposes of reasonable notice pursuant to this Judgment, notice to one of the owners of the Norris Lot shall be considered notice to all owners thereof, and notice to one of the owners of the Boylan Lot shall be considered notice to all thereof. Upon dividing of either the Norris or Boylan lots, notice pursuant to this Judgment shall also be given to any owner of any newly-created lot that abuts the easement, in addition to the notice already required herein;

vii. For purposes of consent pursuant to this Judgment, any consent required from the Norris or Boylan Lot Owners shall be from all the owners of the burdened properties.

12. The Easement set forth in this Judgment will not be construed to grant any rights for the purpose of public access over the Burdened Properties and specifically does not include utility services or the right to pave.

13. No interest is conveyed herein other than as explicitly set forth herein. The reserved rights of the Boylan and Norris Lot Owners include the right to use the Murray Road for every manner of pedestrian and vehicular traffic from cars and trucks to horses, bicycles and all-terrain vehicles, so long as such use is not inconsistent with the easement herein conveyed.

11

14. The use and exercise of all rights granted herein to the Plaintiffs, their heirs, successors, and assigns, shall be at their own risk and the Plaintiffs hereby waive all claims against the Norris and Boylan Lot Owners, their heirs, successors and assigns, arising out of their said use and exercise of all rights granted herein. The Norris and Boylan Lot Owners, their heirs, successors and assigns, shall have no obligation, duty or responsibility to maintain this portion of the Murray Road, as herein described, but have a duty not to inhibit drainage at the points where egress from the Norris Lot and Boylan Lot intersect the Easement area as indicated on the plan referred to in Paragraph 10 herein, and attached as Exhibit A hereto. Provided, however, nothing herein shall bar any claims that may be brought against the Norris and Boylan Lot Owners arising out of negligent or wrongful acts occurring after the effective date of this Judgment, and which have allegedly been caused by the specific individual or individuals against whom such claims may be brought.

15. This Easement and the provisions herein shall not be considered as a limitation or restriction on any and all easements that the Benefited Parties may have northerly of the above described section of the Murray Road.

16. Within the next three months, the Town of Newport shall alter the mouth of Murray Road, within the Stetson Road public right-of-way, to the boundaries shown on Exhibit A.

17. Within the next three months, Defendants Carl M. Norris and Sara J. Norris shall make all reasonable efforts to have the mortgagee on their property consent to and subordinate its mortgage to the easement referenced herein.

12

18. In all other respects, this case is dismissed with prejudice and without costs.

19. The Clerk is instructed to reference this Order on the docket pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

9|19|11

_____
Justice, Superior Court

DOCKETED: SEPTEMBER 21,2011

13



Exhibit A

## Exhibit B
### Benefited Properties

| Grantee | Grantor | Deed Date | Recording Info. |
|---|---|---|---|
| J. F. Singleton Company | Kathy A. Cyr | 09/01/2000 | Book 7468, Page 141 |
| Melissa A. Norris | Robert A. Norris | 08/24/1995 | Book 5934, Page 351 |
| Melissa A. Norris | George L. Murray, *et al.* | 11/05/1996 | Book 6263, Page 91 |
| Malcolm M. Murray, Jr. Beverly E. Murray | George L. Murray, *et al.* | 7/24/1996 | Book 6213, Page 201 |
| Malcolm M. Murray Beverly E. Murray | Pamela A. Howe, *et al.* | 12/23/1991 | Book 4977, Page 313 |
| Carroll I. Buck Cathy L. Buck | George L. Murray, *et al.* | 11/05/1996 | Book 6278, Page 47 |
| Carroll I. Buck Cathy L. Buck | Kathy A. Cyr | 06/28/1996 | Book 6162, Page 73 |
| George Delle Chiaie | H. Madeline Murray, *et al.* | 09/28/1994 | Book 5757, Page 182 |
| | H. Madeline Murray, *et al.* | 09/28/1994 | Book 9780, Page 174 |
| | George L. Murray, *et al.* | 11/05/1996 | Book 6278, Page 45 |
| Jane Ann Hughes | Walter G. Shackford Lorraine M. Shackford | 09/26/2002 | Book 8375, Page 252 |
| Douglas F. Rice Gail N. Rice | Kathy A. Cyr, *et al.* | 10/28/1994 | Book 5747, Page 107 |
| Raymond M. Little and Lillian M Little Living Trust | Lillian M. Little Raymond M. Little | 04/27/1999 | Book 7026, Page 189 |
| Raymond M. Little and Lillian M. Little Loving Trust | Tammy L. Tolman Ralph H. Henshaw | 07/12/2001 | Book 7784, Page 1 |
| Franklin A. Trafton Don C. Carpenter | Patricia A. Zaccardi | 09/28/1998 | Book 6836, Page 27 |
| John T. Burgess Susan D. Burgess | Cora E. Murray, *et al.* | 12/28/1987 | Book 4226, Page 36 |
| John T. Burgess Susan D. Burgess | George L. Murray, *et al.* | 11/05/1996 | Book 6278, Page 43 |
| John Burgess Susan Burgess | Michael A. Murray, *et al.* | 01/25/2006 | Book 10289, Page 216 |
| John Hagelin | Donald & Deborah Mitchell Properties, LLC | 07/23/2004 | Book 9458, Page 334 |
| Laura Lovell | William D. Sawyer | 11/05/2008 | Book 11583, Page 58 |

{EP - 00897216 - v7 }